# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTOINE RIDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-1133-NJR |
| ) | |
| ) | |
| RICHARD ARNOLD, S. MERCIER, and ) | |
| TRAVIS BAYLOR, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Antoine Ridley, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges defendants denied him a kosher diet in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff makes the following allegations in his Complaint: Upon transferring to Pinckneyville, Plaintiff submitted a request to Arnold to be placed on a kosher diet (Doc. 1, p. 28). He noted in his request that he was on a kosher diet prior to his transfer. He did not receive a response and continued to submit requests weekly until Arnold granted Plaintiff an in-person interview on May 14, 2019. During the meeting, Plaintiff informed Arnold that he had been on a kosher diet since 2016, but Arnold denied his request for a kosher diet at Pinckneyville because Arnold noted that Plaintiff's commissary purchases included non-kosher items (*Id.* at pp. 28-29). Arnold informed Plaintiff that he would monitor his commissary purchases in the future to see if a kosher diet was warranted, but Plaintiff alleges that he buys non-kosher items at the commissary in order to trade for kosher items with other inmates. (*Id.* at pp. 28-30). Plaintiff wrote grievances about Arnold's denial, but those grievances were denied by Baylor and Mercier (*Id.* at pp. 30-32). On June 7, 2019, Plaintiff made another request for a kosher diet and was granted another interview with Arnold (*Id.* at p. 30). Plaintiff presented Arnold with documents supporting his claim that he was previously granted a kosher diet, but Arnold stated that he had to fill out more forms before his request would be accepted (*Id.* at p. 31). Plaintiff wrote additional grievances, but those grievances were denied (*Id.* at pp. 31-32).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

> **Count 1:** **Richard Arnold, S. Mercier, and Travis Baylor denied Plaintiff a kosher diet in violation of the First Amendment and RLUIPA.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

The Court finds that the allegations in the Complaint state a viable claim against Arnold for violation of his First Amendment rights. Plaintiff also states a viable RLUIPA claim for Arnold's denial of a kosher diet. 42 U.S.C. § 2000cc-1. RLUIPA does not authorize a suit for money damages against defendants in their individual capacities. *Grayson v. Schuler,* 666 F.3d 450, 451 (7th Cir. 2012); *Maddox v. Love,* 655 F.3d 709, 717 (7th Cir. 2011). But a court may order injunctive relief to correct a violation of RLUIPA. Therefore, Plaintiff may not pursue a claim for money damages against any defendant under RLUIPA. Instead, the Court will add Scott Thompson, in his official capacity as Acting Warden of Pinckneyville, to the case for purposes of implementing any injunctive relief awarded on Plaintiff's RLUIPA claim. To the extent that Plaintiff has attempted to state an official capacity claim against anyone else, those claims are dismissed.

But Plaintiff fails to state a claim against Mercier and Baylor. Plaintiff alleges that they denied his grievances regarding Arnold's denial of his kosher diet. While a grievance may put the defendants on notice of Plaintiff's issues, *see Turley v. Rednour*, 729 F.3d 645, 652-53 (7th Cir. 2013); *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015), the denial or mishandling of a grievance does not amount to a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th

---

[1] This includes any alleged claim pursuant to the Fourteenth Amendment as Plaintiff has not shown how the Fourteenth Amendment applies to his factual allegations. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Plaintiff alleges that Mercier and Taylor turned a blind eye to his need for a kosher diet, but the allegations in his Complaint suggest that Mercier and Taylor reviewed his grievances and denied them. Their actions do not suggest that they turned a blind eye to his needs. *Perez*, 792 F.3d at 781 (official may be liable where they know of unconstitutional conduct and approve, condone, or turn a blind eye to the conduct). Accordingly, Plaintiff's claims against Mercier and Taylor are **DISMISSED without prejudice**.

## Preliminary Injunctive Relief

Plaintiff's request for relief includes a request for a preliminary and permanent injunction to order the defendants to provide him with a kosher diet (Doc. 1, p. 34). Plaintiff has not filed a separate motion for preliminary injunction, nor has he demonstrated in his Complaint that he is entitled to such relief at this time. *See* Fed. R. Civ. P. 65; *Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012). Accordingly, Plaintiff's request for a preliminary injunction is **DENIED without prejudice**. Should Plaintiff wish to seek a preliminary injunction in this case he would need to file a separate motion and demonstrate that he is entitled to such relief.

## Motion for Counsel

As to Plaintiff's motion for counsel (Doc. 3), Plaintiff states that he has written six attorneys. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ...

cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Plaintiff's motion for counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons stated above, Count 1 shall proceed against Richard Arnold and Scott Thompson (official capacity) but is **DISMISSED without prejudice** as to S. Mercier and Travis Baylor. The Clerk is **DIRECTED** to **TERMINATE** Mercier and Baylor from the docket. The Clerk is further **DIRECTED** to **ADD** Scott Thompson (official capacity) to the docket.

The Clerk of Court shall prepare for Defendants Richard Arnold and Scott Thompson (official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/23/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**